## No. 7757.

### THE STATE vs. CHARLES ANGELO.

When the credibility of a witness is to be impeached by any thing he has said or done in rela-
tion to the cause, he must first be asked, on cross-examination, whether he has said or
done that which is intended to be proved.

The fact that a verdict against the defendant, out of eight witnesses for the State rests ex-
clusively upon one biased and revengeful witness must be made to appear in a bill of
exception. It cannot be presumed.

APPEAL from the Superior Criminal Court, parish of Orleans.
Whitaker, J.

J. C. Egan, Attorney-General, for the State :

The ruling of the court was correct. Tindal, C. J., page 183, Roscoe's
Criminal Evidence, says : " I understand the rule to be, that, before
you can contradict a witness by showing that he has at some time
said something inconsistent with his present evidence, you must ask
him as to the time, place, and person involved in the supposed con-
tradiction. It is not enough to ask the general question whether he
ever said so and so; because it may frequently happen that upon
the general question he may not remember having so said ; whereas
when his attention is challenged to particular circumstances and
occasions, he may recollect and explain what he has formerly said."

S. Belden for defendant and appellant :

The bill of exceptions show the grounds on which defendant relies for
judgment in his favor. The position assumed by the State, in brief
and authority referred to, is hardly tenable as applied to the law
governing this case. One of the main purposes of the evidence was
to show malice, and consequently bias, against defendant. State
vs. Duncan, 8 R. 562 ; State vs. Brown, 4 An. 505 ; State vs. Adams,
14 An. 620, with authorities in decisions referred to.

As the exceptions show that time is not of the essence, as in case where a particular piece of evidence is sought to be introduced, as in the case of State vs. Cazeau, 8 An. 114, it does not apply.

The opinion of the court was delivered by

DeBLANC, J. Charles Angelo was indicted for murder, found guilty, and—in accordance with the qualified verdict returned against him—sentenced to hard labor in the State penitentiary, for the term of his natural life. He appealed.

It appears, by the record, that eight witnesses—among them one Mary Anderson—were called and examined in behalf of the State, and that the prisoner offered to prove by three parties sworn for that purpose, that—after his arrest—the said Mary Anderson had stated to each of those parties that "by this prosecution, she had revenged herself against Charles Angelo, because he had refused to pay her fine and release her from the parish prison, when sentenced by Judge Miltenberger."

The testimony sought to be elicited was objected to on the ground that Mary Anderson had not been asked, while on the stand, whether she had ever made such statement, and to whom, where and when it was made. The objection was sustained, and the prisoner's counsel excepted.

The authorities on which he relies do not sustain his exception.

The 33d section of the act of May 4 1805, provides "that all the crimes, offenses and misdemeanors herein before named, shall be taken, intended and construed according to and in conformity with the common law of England ; and that * * the method of trial and *rules of evidence,* shall be, except as is by this act otherwise declared, according to said common law."

"Under that law, it is a general rule that, whenever the credit of a witness is to be impeached by proof of any thing that he has said or done, in relation to the cause, he is first to be asked—on cross-examination—whether he has said or done, that which is intended to be proved, in order that he may have an opportunity of explaining that which is *prima facie* contradictory."

8 An. 115 ; Greenleaf on Evidence, vol. 1, p. 463 ; Wharton on Crim. Law, vol. 1, pp. 817, 819; the Queen's case, 2 Brod. & Bing, 313, 314 ; Roscoe's Crim. Evid. p. 183.

*In his brief,* the prisoner's counsel asserts that the verdict rendered against his client is based on exclusively the testimony of Mary Anderson, whom he denounces as a biased and revengeful perjurer. If so, he should have shown—by his bill of exception—that of the eight witnesses examined on his trial, she alone swore to his guilt. This he did not do,

and we cannot arbitrarily presume that the jurors' verdict and the judge's sentence rest upon a perjury.

Life is as sacred as liberty, and the murderer's liberty is *the least. a State can exact as the price of his crime.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed.

Rehearing refused.